**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**GLENN A. BRUMFIELD**                              **CIVIL ACTION**

**VERSUS**                                          **NO.  13-3038**

**BURL CAIN, WARDEN**                               **SECTION "E"(4)**

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

## I.    Factual and Procedural Background

The petitioner, Glenn Brumfield ("Brumfield"), is a convicted inmate incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[2]  Brumfield was initially indicted on September 14, 2000 by a Grand Jury in the 24th Judicial District Court, Case No. 00-5362245264, for the First Degree Murder of Kerry Dickerson ("Dickerson").[3]  The indictment was amended on April 29, 2003, reducing the charge to Second Degree Murder.[4]  The District Attorney also filed a separate Bill of Information charging Brumfield with Attempted Second Degree Murder, in violation of LSA-R.S.

---

[1]Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2]Rec. Doc. No. 1.

[3]St. Rec. Vol. 6 of 11, Indictment (200-5362), 9/14/2000.

[4]St. Rec. Vol. 6 of 11, Amended Indictment, 04/29/03.

14:27 and LSA-RS. 14:30.1, for the attempted murder of a separate victim stemming from the same set of circumstances.  Brumfield entered a plea of not guilty to the charge on April 29, 2003.[5]

On July 14, 2000, Brumfield shot Betty Pate and Kerry Dickerson in the parking lot of New Orleans Shipyard.[6]  As a result of his injuries, Dickerson died.  Brumfield admitted to shooting the victims but claimed that he committed the acts in sudden passion or heat of blood upon finding out about Dickerson and Pate's romantic relationship.[7]

Pate ended her relationship with Brumfield in May or June of 2000 and in July, she started dating Brumfield's friend Dickerson.  Brumfield apparently learned about the relationship one to two weeks before the shooting.  When Pate arrived home the day before the incident, she learned from her daughter that Brumfield had called several times.  Brumfield called back around 2:15 a.m. or 2:30 a.m. and asked if he could pick up the couple's six year old son to go fishing with him. Later, when Pate went to pick up Dickerson from work at the New Orleans Shipyard, Pate noticed Brumfield's Chevrolet Blazer parked at a Vietnamese store on River Road.  A few minutes later, Brumfield drove into the parking lot, parked next to her van and exited the vehicle.

Brumfield, who was holding a gun, approached Pate while she was seated in her vehicle and said, "B-tch I told you I was going to kill your f--king ass."  Brumfield then aimed his gun and began shooting at Pate and continued to shoot until the gun was empty.  Thereafter Brumfield put another clip and shot her two more times until she was shot approximately ten times.  As Brumfield was shooting Pate, Dickerson ran over toward Brumfield and tried to disarm him.  Brumfield fired

---

[5]St. Rec. Vol. 8 of 11,  Minute Entry, 04/29/03.

[6]St. Rec. Vol. 6 of 11, Appeal Decision, 04-KA-552 c/w 047-Ka-553, 10/26/04.

[7]*Id.*

the gun several more times as Dickerson ran away and continued to shoot at him. Dickerson died at the scene as a result of his injuries.

Brumfield was apprehended shortly after the incident and was brought to the police station where he gave two statements.  Brumfield claimed that Pate had a gun and that she shot at him, prompting him to run to his car to get his gun.  Regarding Dickerson, Brumfield claimed that Dickerson charged at him trying to get the gun, and that he stumbled back and shot the gun low between Dickerson's legs and hip in order to get Dickerson off of him.

Brumfield was tried before a jury in the 24th Judicial District Court on July 24, 2003.  The jury returned a verdict of guilty as charged for Second Degree Murder and Attempted Second Degree Murder.[8]  On October 1, 2003, the Trial Court sentenced Brumfield to life imprisonment with credit for time served without the benefit of parole, probation or suspension of sentence.[9]

On October 3, 2003, Brumfield filed a Motion for Appeal in the Louisiana Fifth Circuit Court of Appeal, which was granted on October 24, 2003.[10] He filed his appeal brief on May 24, 2004 contending that the evidence presented in the Trial Court was insufficient to convict him of Second Degree Murder and Attempt Second Degree Murder.[11]   The Circuit Court also conducted an errors patent review.

---

[8]St. Rec. Vol. 6 of 11, Trial Minutes, 07/24/03.

[9]St. Rec. Vol. 6 of 11,  Sentencing Minutes, 10/1/03.

[10]St. Rec. Vol. 6 of 11, Motion for Appeal and Order, Fifth Circuit Court of Appeal, 10/24/03; Brumfield subsequently secured an extension of the appeal delays.

[11]St. Rec. Vol. 6 of 11, Opinion, Fifth Circuit Court of Appeal, 10/26/04.

On October 26, 2004, the Circuit Court affirmed Brumfield's conviction and sentence.[12] Brumfield neither filed a request for rehearing nor a writ application seeking review by the Louisiana Supreme Court.

Brumfield's conviction and sentence became final thirty (30) days later, on November 25, 2004, because he did not file a writ application with the United States Supreme Court. *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (period for filing for certiorari with the United States Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)); U.S. S. Ct. Rule 13(1).

On June 15, 2005, Brumfield filed an application for Post-Conviction Relief ("PCR") with the Trial Court, asserting four assignments of error:[13] (1) the conviction was obtained after an unconstitutional search and seizure; (2) the Court failed to investigate favorable evidence; (3) the sentence imposed is excessive; and (4) ineffective assistance of counsel.  The Trial Court denied the PCR on June 22, 2005.[14] On October 7, 2005, Brumfield filed another application for PCR[15] and on October 19, 2005 he filed a supplemental memorandum in support,[16] which were denied on November 10, 2005 and November 16, 2005, respectfully.[17]

---

[12]*Id.*

[13]St. Rec. Vol. 6 of 11, Application for Post Conviction Relief, 24th Judicial District Court, 06/15/05.

[14]St. Rec. Vol. 6 of 11, Order Denying Application for Post Conviction Relief, 06/22/05.

[15]St. Rec. Vol. 7 of 11, Uniform Application for Post Conviction Relief and Memorandum in Support, 10/07/05.

[16]St. Rec. Vol. 7 of 11, Supplemental Memorandum in Support, 10/19/05.

[17]St. Rec. Vol. 6 of 11, Order Denying Supplemental Memorandum in support of Post Conviction Relief, 24th Judicial District Court, 11/16/05; Order Denying Application for Post Conviction Relief, 24th Judicial District Court, 11/10/05.

On December 12, 2005, Brumfield filed a supervisory writ to the Louisiana Fifth Circuit Court of Appeal seeking review of the denial of his application for Post-Conviction Relief which was denied on December 14, 2005.[18]

On January 12, 2006,[19] Brumfield thereafter filed a Writ with the Louisiana Supreme Court, seeking review of the denial of his application for Post-Conviction Relief.[20]  On April 20, 2007, the writ was denied.[21]

On June 28, 2008, Brumfield filed a Second Writ Application with the Louisiana Supreme Court.[22] The Supreme Court transferred the matter to the Louisiana Fifth Circuit Court of Appeal for consideration pursuant to *State v. Cordero*, 993 So.2d 203 (La. 2008).[23]  On December 4, 2009, the Court of Appeal on reconsideration of the writ denied relief.[24]

On January 4, 2010, Brumfield filed an application for writ of certiorari in the Louisiana Supreme Court where he asserted seven grounds for relief.[25]  He challenged (1) the sufficiency of the evidence; (2) the admission of gruesome photographs into evidence; (3) the presence of

---

[18]St. Rec. Vol. 6 of 11, Denial of Supervisory Writ, Fifth Circuit Court of Appeal, 05-KH-981, 12/14/05; *Brumfield v. Cain*, 05-981 ( La. App. 5 Cir. 12/14/05) (unpublished writ disposition).

[19]Brumfield signed the document with the date "January 12, 2005," but given that the writ was filed to address the November 2005 decisions, it is evident that the signed date was in error.

[20]St. Rec. Vol. 10 of 11, Application for Writ of Certiorari, 06/20/06.

[21]St. Rec. Vol. 10 of 11, Denial of Supervisory and/or Remedial Writ, Louisiana Supreme Court, 2006-KH-1579, 04/20/07.

[22]St. Rec. Vol. 10 of 11, Petition for Writ of Certiorari, 07/31/08.

[23]St. Rec. Vol. 6 or 11, Transfer Application for Supervisory and/or Remedial Writs, Louisiana Supreme Court, 2008-KH-2002, 10/10/08. The *Cordero* court addressed the alleged procedural improprieties and summary dismissal without judicial review of *pro se* post-conviction writ applications filed in the Louisiana Fifth Circuit between February 8, 1994 through May 21, 2007.

[24]St. Rec. Vol. 10 of 11, Denial of Writ Reconsideration, Louisiana Fifth Circuit Court of Appeal, 12/04/09.

[25]St. Rec. Vol. 7 of 11, Application for Writ of Certiorari to the Louisiana Supreme Court, 01/22/10.

gruesome photographs in the jury room during deliberations; (4) prosecutorial misconduct for admitting false and misleading evidence; (5) ineffective assistance of counsel; (6) the cumulative effect of the errors which resulted in the fundamentally unfair result; and (7) the denial of effective counsel on appeal.  The Supreme Court denied the writ on January 7, 2011.[26]

On December 27, 2011, Brumfield filed a Motion to Correct the Record.[27]  The Motion to Correct the Record was denied on January 27, 2012.[28]

On, June 13, 2012, Brumfield filed a motion in the Trial Court for correction of illegal sentence, which was denied on July 30, 2012.[29]  On September 5, 2012, Brumfield filed a writ application with the Louisiana Fifth Circuit Court of Appeals seeking review of the Circuit Court's denial of his request to correct his illegal sentence.  The Circuit Court denied his request for relief on October 12, 2012.[30]  Thereafter, Brumfield filed a writ with the Louisiana Supreme Court which was denied on January 25, 2013.[31] Then on February 16, 2013, Brumfield filed an application for reconsideration which was denied on March 8, 2013.[32]

---

[26]St. Rec. Vol. 7 of 11, Denial of Writ Application, Louisiana Supreme Court, 2010-KH-0154, 01/07/11.

[27]St. Rec. Vol. 7 of 11, Motion to Correct Record, 01/04/12.

[28]St. Rec. Vol. 7 of 11, Order-Motion to Correct Record, 01/27/12.

[29]St. Rec. Vol. 5 of 11, Motion for Correction of Illegal Sentence, 06/15/12; Denial of Motion for Correction of Illegal Sentence, 24th Judicial District Court, 07/30/12.

[30]St. Rec. Vol. 5 of 11, Writ Application, 09/05/12.

[31]St. Rec. Vol. 5 of 11, Denial of Writ, Louisiana Supreme Court, 1/25/12.

[32]St. Rec. Vol. 11 of 11, Denial of Reconsideration, Louisiana Supreme Court, 03/08/13.

## II.    __Federal Habeas Petition__

On May 24, 2013, the Clerk of this Court filed Brumfield's petition for federal habeas corpus relief in which he raised the following grounds for relief:[33] (1) he was denied due process of law in violation of the fourth and fourteenth amendments because he was not provided with a complete transcript of all proceedings held in open court, and (2) his sentence was illegal because the Trial Court had no jurisdiction to impose punishment by sentencing him to Louisiana State Penitentiary Angola.

The State filed a response in opposition arguing that Brumfield's petition was not timely filed.[34]

## III.    __General Standards of Review__

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[35] applies to this petition, which is deemed filed in this Court under the federal mailbox rule on May 12, 2013.[36]   The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was

---

[33]Rec. Doc. No. 1.

[34]Rec. Doc. No. 13.

[35]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996.  *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).  The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.  *United States v. Sherrod*, 964 F.2d 1501, 1505, n.11 (5th Cir. 1992).

[36]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se.  Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).  The clerk of Court filed Brumfield's federal habeas petition on May 24, 2013 when the filing fee was received.  Brumfield dated her signature on the petition on May 12, 2013.  This is the earliest date appearing in the record on which he could have delivered it to prison officials for mailing to a federal court.  The fact that he paid the filing fee does not alter the application of the federal mailbox rule to her pro se petition.  *See Cousin v. Lensing*, 310 F.3d 843, (5th Cir. 2002) (mailbox rule applies even if filing fee was not paid at the time of mailing) (citing *Spotville*, 149 F.3d at 374).

adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

      The State contends that Brumfield's federal petition was not timely filed, and that he is not entitled to equitable tolling. The record supports this conclusion, and his petition should be dismissed for that reason.

## IV.  Statute of Limitations

      The AEDPA requires a petitioner to bring his § 2254 claim within one year of the date his conviction became final or from the date on which a new rule of constitutional law was recognized by the Supreme Court and made retroactively applicable to cases on collateral review.[37] *Duncan v. Walker*, 533 U.S. 167, 176-80 (2001). As calculated above, Brumfield's conviction was final on November 25, 2004, thirty (30) days after the Louisiana Fifth Circuit denied his appeal, affirming his conviction and sentence. Under § 2244, Brumfield had one year from that date, or until November 28,

---

[37]The statute of limitations provision of the AEDPA, 28 U.S.C. § 2244(d), provides for other triggers which do not apply here:

    (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

    A.      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    B.      the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

    C.      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    D.      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

2005,[38] to file a timely federal application for habeas corpus relief which he did not do.  Thus, literal application of the statute would bar Brumfield's § 2254 petition as of that date unless he is entitled to tolling as provided for under the AEDPA.

A.    **Statutory Tolling**

Section 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation.  *See* 28 U.S.C. § 2244(d)(2).  In order for a state post-conviction application to be considered "properly filed" within the meaning of § 2244(d)(2), the applicant must have complied with all of the State's procedural requirements, such as timeliness and place of filing.  *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Williams v. Cain*, 217 F.3d 303, 306-08 & n.4 (5th Cir. 2000) (quoting *Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000)); *Villegas v. Johnson*, 184 F.3d 467, 468-69 (5th Cir. 1999), *reh'g denied*, 196 F.3d 1259 (5th Cir. 1999) (Table).  For purposes of the AEDPA, a timeliness calculation in Louisiana requires the application of the prison mailbox rule to state pleadings.  *Causey v. Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006).  The Court has applied this rule in presenting the procedural history recited above.

A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'"  *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams*, 217 F.3d at 310 (finding that a matter is "pending" for Section 2244(d)(2) purposes until further appellate review is unavailable under Louisiana's procedures) (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999), *aff'd*, 531 U.S. 4 (2000)); *see also Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001).

---

[38]The exactly one year fell on Friday, November 25, 2005, which was declared by the Governor of Louisiana to be Acadian Day, a recognized holiday when so declared.  La. Rev. Stat. § 1:55(B)(3); La. Exec. Proclamation No. 63 KBB 2005 (2005).  Therefore, Brumfield's conviction and sentence became final the following Monday, November 28, 2005.

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. *Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (finding that a state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); *Nara v. Frank*, 264 F.3d 310, 316 (3d Cir. 2001), *overruled on other grounds by Carey*, 536 U.S. 214 (finding that a motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. *Godfrey v. Dretke*, 396 F.3d 681, 687-88 (5th Cir. 2005).

Requests for document and transcript copies also are not other collateral review for purposes of the tolling calculation. *Mack v. Falk*, No. 12-1303, 2013 WL 410444, at *1 (10th Cir. Feb. 4, 2013) (stating that a request for transcripts "did not constitute an application for 'post-conviction or other collateral review'"); *Johnson v. Randle*, 28 F. App'x 341, 343 (6th Cir. 2001) (finding motion for production of documents and free copies did not toll the AEDPA filing period); *Osborne v. Boone*, 176 F.3d 489, 1999 WL 203523, at *1 (10th Cir. Apr.12, 1999) (Table, Text in Westlaw) (finding motion for transcript copies is not "other collateral review" for tolling purposes and did not act as a state impediment to warrant equitable tolling); *Irving v. 21st Dist. Ct.*, No. 09-2777, 2009 WL 2883034, at *6 (E.D. La. Aug. 31, 2009) (Africk, J.) (Order adopting Report and Recommendation); *Grayson v. Grayson*, 185 F. Supp.2d 747, 751-52 (E.D. Mich. Jan. 3, 2002) (finding delay in receipt of transcript not required to file the application does not warrant equitable tolling); *Gerrets v. Futrell*, No. 01-3080, 2002 WL 63541, at *2 (E.D. La. Jan. 16, 2002) (Vance, J.); *Jones v. Johnson*, No. 01-CV-0115-G, 2001 WL 1006062, at *3 (N.D. Tex. Aug. 13, 2001)

(stating petitioner should file post-conviction application and then continue to gather transcripts); *Brown v. Cain*, 112 F. Supp.2d 585, 587 (E.D. La. 2000) (Berrigan, J.), *aff'd*, 239 F.3d 365 (5th Cir. 2000); *see also*, *Gonzales v. Wilkinson*, 269 F. App'x 481, 485-86 (5th Cir. 2008) (declining to apply statutory or equitable tolling for a period during which petitioner awaited copy of plea transcript where underlying motion to reconsider sentence was not properly filed).

In the instant case, the AEDPA filing period began to run on November 26, 2004, the day after Brumfield's conviction became final.  The one-year filing period ran uninterrupted for 201 days, or until June 15, 2005, when Brumfield submitted his application for post-conviction relief to prison officials to mail to the Trial Court. On June 23, 2005, the day after the application for post-conviction relief was denied, the one-year filing period began to run again for 70 days or until September 1, 2005, which began an 86-day suspension period for Hurricane Katrina.[39] During the Hurricane Katrina suspension period, Brumfield filed another application for post-conviction relief on October 7, 2005. He timely filed a writ of review with the Louisiana Fifth Circuit Court of Appeal on December 12, 2005 and the Louisiana Supreme Court on January 12, 2006 seeking review of the denial of his application for post-conviction relief and extending the tolling period.

When the Louisiana Supreme Court denied Brumfield's writ on April 20, 2007, the one-year filing period began to run on April 21, 2007 and Brumfield had only 94 days remaining on the limitations clock to file a proper pleading.  He failed to do so and had no properly filed state application for post-conviction or other collateral review pending during that time. As a result, the

---

[39]The Court recognizes that some courts in this district have applied an 86-day suspension period, from September 1 through November 25, 2005, which was granted by the Chief Judge of this Court following Hurricane Katrina.  *See Hooker v. Cooper*, No. 10-1624, 2011 WL 335606, at *1 (E.D. La. Jan. 31, 2011) (Lemmon, J.) (citing *Mark v. Michael*, No. 08-1261, 2008 WL 4365929, at *2 (E.D. La. Sep. 23, 2008) (Engelhardt, J.) (order adopting Report and Recommendation)); *Barley v. La. Dept. of Corr.*, No. 06-2441, 2009 WL 2872932, at *3 (E.D. La. Sep. 2, 2009) (Feldman, J.) (order adopting Report and Recommendation).

period for filing a proper pleading expired on July 23, 2007.  Brumfield did not file another pleading until June 28, 2008, which is 342 days pass the filing period.  A filing made after the AEDPA filing period has expired does <u>not</u> afford him any statutory tolling.  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

As for the possible impact of Brumfield's second writ application pursuant to *Cordero*, the Court notes that the United States Fifth Circuit Court of Appeals has not specifically addressed whether *Cordero* warrants tolling or an extension of the one-year AEDPA filing period.  In the Eastern District of Louisiana, the matter was referenced in *Harris v. Cain*, No. 10-1607, 2011 WL 2690161, at *4 (E.D. La. 2011) (Lemelle, J.).  In that case, the Magistrate Judge opined in the underlying Report and Recommendation that Harris may be entitled to equitable tolling in light of *Cordero*, and found that the petitioner's federal petition would have been untimely anyway.  The recommendation was that, with or without equitable tolling, the federal petition in that case was untimely.  The District Judge, ruling on objections to the Report and Recommendation, acknowledged the Magistrate Judge's comment and noted that any possible *Cordero* tolling arguably could run from the filing of the initial post-conviction writ until resolution of the writ by the Louisiana Supreme Court after *Cordero* review.  The Court determined, however, that Harris was time-barred regardless of, and without deciding, whether tolling was or should be applied as a result of *Cordero*.

This Court recognizes that the alternative *Cordero* discussion in *Harris* was dicta and was not persuasively resolved.  Nevertheless, the Court notes that the same result would be true in the instant case.  Based on the calculations presented in this Report, Brumfield allowed 342 days to pass <u>before</u> he even submitted his application for writ on June 28, 2008.  His petition is, therefore,

untimely without regard for any possible tolling attributable to *Cordero* on review of his post-conviction claims now presented in this petition.

For these reasons, Brumfield's federal petition deemed filed on May 12, 2013, was not timely filed under the AEDPA.

**B.    No Basis for Equitable Tolling**

The post-AEDPA jurisprudence also provides for equitable tolling where rare or extraordinary circumstances may have prevented a diligent petitioner from timely pursuing federal habeas corpus.  *Pace*, 544 U.S. at 418; *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999).  Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights.  *Pace*, 544 U.S. at 418-19; *see Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002).

Equitable tolling has only been extended under extraordinary circumstances outside the control of the petitioner.  *See Holland v. Florida*, 560 U.S. 631, 652-53 (2010) (finding that equitable tolling was warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests to timely file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); *Hardy v. Quarterman*, 577 F.3d 596, 599-600 (5th Cir. 2009) (finding that equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (finding that tolling was warranted when defendant was deceived by attorney into

13

believing that a timely motion to vacate was filed); *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) ("A garden variety claim of excusable neglect does not support equitable tolling.") (quotation omitted); *Fisher*, 174 F.3d at 715 (finding that tolling is not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); *Cantu-Tzin*, 162 F.3d at 300 (finding that State's alleged failure to appoint competent habeas counsel did not justify tolling); *Davis*, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended the deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

Brumfield has not presented, and the record does not demonstrate, any basis for extending the extraordinary remedy of equitable tolling under the § 2244(d) computation.  Brumfield has offered absolutely no reason for his excessive delay in bringing his federal claims to this Court. The record does not contain any of the extraordinary circumstances previously recognized by the precedent cited above that would warrant equitable tolling.  The record instead reflects that Brumfield made no diligent effort to pursue his federal habeas review in a timely manner.  There simply is no basis for equitable tolling in this record.

Brumfield's federal petition is deemed filed in this Court on May 12, 2013, which is over five years after the AEDPA filing period expired on July 23, 2007.  Brumfield's petition should be dismissed as time-barred.

**V.**     <u>**Recommendation**</u>

For the foregoing reasons, it is **RECOMMENDED** that Glenn Brumfield's petition for the issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[40]

New Orleans, Louisiana, this 10th day of  December, 2014.

_____

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[40]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.